**In re Jack TURCHON and Lenore Turchon, Debtors.**

**Bankruptcy No. 183–30007–260.**

United States Bankruptcy Court, E.D. New York.

June 20, 1986.

Platzer & Fineberg, New York City (Ira L. Herman, of counsel), for debtors.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Thomas P. Battistoni, of counsel), Kenneth C. Brown, Trial Atty., U.S. Dept. of Justice, Washington, D.C., for IRS.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is a motion by joint Chapter 13 debtors to expunge a claim filed by the Internal Revenue Service ("IRS"). The motion is granted.

## FACTS

The debtor, Jack Turchon, was the President of Measurematic Corporation ("Measurematic"). On August 11, 1982 Measurematic filed a petition for relief under Chapter 11 of the Bankruptcy Code in this court. On January 3, 1983 Jack Turchon and his wife Lenore filed a joint petition for relief under Chapter 13 of the Bankruptcy Code, also in this court. Both cases were referred to the undersigned Bankruptcy Judge.

On January 18, 1983 the IRS filed a proof of claim in the Measurematic proceeding for $227,526.81 which represented unpaid FICA, withholding, unemployment and corporate income taxes due from the debtor corporation, including penalties and interest for periods between 1979 and 1981. The claim was a secured claim based upon federal tax liens filed by the IRS against Measurematic.

In order to fund a plan of reorganization Measurematic undertook to liquidate its real property so as to provide the funds necessary for a liquidating plan, and thus, create a fund for ultimate distribution to its creditors. Accordingly, in April of 1984, pursuant to order of this court, and after notice and a hearing, the debtor sold its real property. Approximately $327,000 was realized after the satisfaction of a mortgage. Such proceeds were subject to the payment of all other remaining liens affecting the property, including the tax liens of the IRS.

In order to determine the amount and extent of the various claims and liens affecting the property for purposes of distribution, on March 1, 1985, Measurematic moved for an order pursuant to Sections 505 and 506 of the Bankruptcy Code to fix the amounts thereof.[1] The motion provided for *inter alia*

> "fixing the claim of the Internal Revenue Service as a secured claim in the sum of $227,526.81 [and] authorizing payment thereof."

The motion was served upon the District Director of the Internal Revenue Service and on the United States Attorney. On March 26, 1985 a hearing was held before this court on the motion. The IRS did not object to the claim as scheduled in the motion, nor did it appear at the hearing.

Consequently, this court entered an Order dated March 26, 1985 (the "Order") which provided:

> "ORDERED, that the claim of the Internal Revenue Service be and the same hereby is classified as secured upon the proceeds from the debtor's sale of its realty and fixed in the sum of $227,526.81".

> \* \* \* \* \* \*

> "ORDERED, that the debtor be and it hereby is empowered to pay the sum of $227,526.81 to the Internal Revenue Service which payment shall be in full and final settlement of any and all claims of the Internal Revenue Service against the debtor...."

In compliance with that Order, Measurematic made payment of $227,526.81 to the IRS by a check dated April 11, 1985. The front of the check indicated that it was "payment in full per Order of 3/26/85." The back of the check showed that it was deposited by the IRS without protest and without reservation of rights.

In addition to paying the IRS at that time, Measurematic paid all other parties which held valid liens on the real property in full as directed in the Order. At the time of that distribution, Measurematic had approximately $350,000 in treasury notes representing principal and interest available for distribution. The total distribution made to the lienors specified in the Order was $243,943.83, inclusive of the liens of the IRS. Thus, when distribution was made there were adequate funds in the Measurematic estate to pay in full any additional claims which the IRS could at that time have asserted.

In accordance with the terms of Measurematic's plan of reorganization, confirmed by order of this court December 12,

---

1. Section 505(a)(1) provides:
   Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

Section 506(b) provides:
To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

1985, the funds remaining were distributed in payment of administration expenses and priority claims with the balance remaining distributed on a pro rata basis to the remaining general unsecured creditors whose claims had been allowed.

After the distribution had been made to the IRS, on April 29, 1985 it filed a priority tax claim in Turchon's Chapter 13 case for $23,039.02 for unpaid federal income taxes due from him for 1978 and 1979. That claim was amended on June 27, 1985 by adding a further claim for $5,847.54 representing interest on the withholding and FICA portion of taxes due from Measurematic for the quarter ended September 30, 1981. It is to be noted that those taxes due for that period were included in the claim of the IRS which was paid in full by check dated April 11, 1985. The additional claim for interest was calculated from August 11, 1982 on which date the Measurematic petition was filed, to January 3, 1983 on which date the Turchon Chapter 13 petition was filed. It was based on an assessment made pursuant to the provisions of the Internal Revenue Code of 1954, 26 U.S.C. Section 6672, against Jack Turchon as a "responsible person" of Measurematic.[2]

Turchon argues that although the tax liability of a corporation imposed on a responsible person pursuant to 26 U.S.C. Section 6672 may be a separate and distinct liability of that individual, there is no individual liability to be assessed against a responsible person where the corporate liability has been paid in full which he argues was done in this case.

Accordingly, Turchon objects to the assessment against him arising out of taxes due from Measurematic. He argues that after the IRS claim against Measurematic was fixed in the Bankruptcy Court pursuant to 11 U.S.C. Sections 505 and 506 it was paid in full. The IRS had notice and an opportunity to be heard in this court regarding the calculation of the liability owed it. At that time there were funds available in the Measurematic estate to make the additional interest payment now requested.

The IRS maintains that while 26 U.S.C. Section 6672 provides that it may seek collection of applicable unpaid taxes from either a corporation or a responsible person, it is a long-standing policy to collect those taxes only once. Here it contends that it has not been paid *once* and that only a portion of the amount due was paid by Measurematic pursuant to the Order. The IRS reasons as follows: the $227,526.81 paid by Measurematic to the IRS was the amount of the IRS' proof of claim as of Measurematic's Chapter 11 petition date, August 11, 1982; payment of that amount to the IRS was not made until April, 1985; post-petition interest was therefore not paid on the taxes due; interest is presently due and owing from Measurematic's petition date, August 11, 1982 through the date of payment; and consequently, it has not completely collected those taxes once until the interest is paid.

### DISCUSSION AND CONCLUSIONS OF LAW

Section 505(a) of the Bankruptcy Code vests jurisdiction in the Bankruptcy Court to determine the amount of a tax or of any fine or penalty relating to any tax. 3 *Collier on Bankruptcy*, Para. 505.4 (15th ed. 1985). As stated earlier, Measurematic in its Chapter 11 case made a motion for a determination of all taxes due the IRS, including FICA and withholding. As noted above, the IRS did not appear at that hearing, nor did it request a determination of post-petition interest due it as a secured creditor under Section 506. It did not object to the amount specified by Measurematic. The IRS claim was, therefore, fixed at $227,526.81 which was memorialized in

---

**2.** Section 6672(a) of the Internal Revenue Code provides:

*General Rule*—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

the Order. The IRS did not appeal that Order, which is now final. Rather, it accepted the check marked "payment in full."

Apparently, the IRS is now attempting in the Turchon Chapter 13 to indirectly accomplish that which has been precluded by the Measurematic case.

In *United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1548, 14 C.B.C.2d 483, 486 (11th Cir.1986), the Eleventh Circuit explains the purpose of 26 U.S.C. Section 6672, as well as the relationship between corporate and "responsible person" liability:

> Although denoted a penalty in the statute, the liability imposed by section 6672 is not penal in nature, *Monday* [*v. U.S.*], 421 F.2d [1210] at 1216 [ (7th Cir.1970) ], but is "simply a means of ensuring that the tax is paid." *Newsome* [*v. U.S.*], 431 F.2d [742] at 745 [ (5th Cir.1970) ] (quoting *Botta v. Scanlon*, 314 F.2d 392, 393 (2d Cir.1963)). The primary purpose of the section is thus the protection of government revenue. *Newsome* 431 F.2d 745 (citations omitted).

> In keeping with this purpose, it is the policy of the IRS to collect the delinquent taxes only once. *See United States v. Sotelo*, 436 U.S. 268, 279 n. 12, 98 S.Ct. 1795. 1802 n. 12, 56 L.Ed.2d 275 (1978) (citation omitted). "An abatement of the tax assessment against the corporation will be made to the extent that the related 100 percent penalty assessment is paid." Internal Revenue Manual, 1 Admin. (CCH) 1305–15 (May 30, 1984). Therefore, [the corporation] will be relieved of liability to the extent that the [responsible person] pay[s] the section 6672 assessment. Likewise, the [responsible person] will receive credit for the

delinquent tax payments already made by the Company pursuant to the reorganization plan.

At first blush it would appear that inasmuch as Measurematic did not pay interest, Turchon, as the "responsible person", is liable for its payment, since, as noted, it is the policy of the IRS to collect the delinquent taxes only once. However, the reason the interest portion of the delinquent taxes was not paid was solely the result of the government's failure to assert it when it was its responsibility to do so at the time its claim was fixed at the Section 505/506 hearing, and as provided for in the Order which determined the amount of its claim. That Order reflected the total amount of the claim which was thereafter paid in full.

Clearly, had the IRS asserted its interest claim against Measurematic before the remaining funds had been distributed, this court would have allowed it as a supplemental claim. Section 502(j) of the Bankruptcy Code, as it was in effect at the time both bankruptcy cases were filed, provided specifically that before a case is closed the court may reconsider a claim that has been allowed, according to the equities of the case.[3]

The failure of the IRS to seek a reconsideration of its claim when it could have done so under Section 502(j) underscores the finality of the amount of its claim. The claim as fixed by this court rendered it as the only claim which it could be deemed to have had against Measurematic. There being no further claim recognizable, it cannot be said that there remains a claim against Measurematic which is outstanding, which is delinquent, and which IRS can now assert against Turchon under 26 U.S.C. Section 6672.

---

3. Section 502(j) of the Bankruptcy Code in effect at the time these cases were filed, provided in pertinent part:

> Before a case is closed, a claim that has been allowed may be reconsidered for cause, and reallowed or disallowed according to the equities of the case.

Section 502(j) which became effective after the subject cases were filed has no requirement that reconsideration take place before the case is closed. That section presently provides:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case.

In any event Bankruptcy Rule 3008 expands section 502(j) by not limiting the relief only to cases which are open. Nevertheless, if a case is reopened as provided by section 350(b) of the Bankruptcy Code, reconsideration of the allowance of a claim may be sought and granted. *See* Advisory Committee Note to Bankruptcy Rule 3008.

Although Section 6672 provides that the IRS need not pursue collection from the employer prior to assessing a "responsible person," there certainly must first be a liability running from the employer for such taxes. In the instant case, when the IRS filed its claim in Turchon's Chapter 13 case for interest due from his employer, Measurematic, there was no liability running from Measurematic to the IRS for such taxes in light of the Section 505/506 hearing and Order.

Based upon the facts in this case it would be inequitable for the IRS to hold Turchon liable for the unpaid interest due from his corporation. Debtors are entitled to some measure of finality in bankruptcy proceedings. *In re Pagan,* 59 B.R. 394, 396 (D.P.R.1986). To hold this debtor liable now for a debt that was "paid in full" more than one year ago would be antithetical to one of the Bankruptcy Code's primary goals—providing a debtor with a meaningful fresh start.

SO ORDERED.