In the Matter of ASSOCIATED AIR SERVICES, INC., Bankrupt/Appellee.

Appeal of WJC, INC.

No. 88–6142–CIV.

Bankruptcy No. 83–02275–BKC–AJC.

United States District Court, S.D. Florida.

Dec. 29, 1988.

See also, Bkrtcy., 75 B.R. 47.

Fleming, O'Bryan, Fleming, Ft. Lauderdale, Fla., for appellant.

Reggie David Sanger, Ft. Lauderdale, Fla., for bankrupt/appellee.

ORDER OF DISMISSAL

PAINE, District Judge.

This cause comes before the Court upon the motion of Appellee, Associated Air Services, Inc. to Dismiss the Appeal for Lack of Jurisdiction (DE 9). A brief chronology of the events leading up to this appeal is in order. Associated Air Services, Inc., the debtor in possession, filed in 1983 a petition for reorganization under Chapter 11 of the Bankruptcy Code. WJC, Inc. was ruled, in an adversary proceeding, to be an unsecured creditor of Associated Air Services, Inc. WJC filed a claim in the bankruptcy proceeding, which claim was objected to by the debtor, Associated Air. On July 31, 1986, the Bankruptcy Court dismissed WJC's claim as a sanction for its willful failure to attend a deposition. WJC moved the Bankruptcy Court to rehear its dismissal ruling. The Bankruptcy Court conducted a hearing on August 25, 1986 on the motion for rehearing, and on September 15, 1986 the Bankruptcy Court denied that motion. On September 24, 1986 WJC appealed the Bankruptcy Court's order denying the motion for rehearing to the United States District Court. On January 6, 1987 that appeal was dismissed for failure to prosecute. On September 22, 1987 WJC moved the Bankruptcy Court to reinstate its claim and to reconsider its order dismissing WJC's claim. On December 4, 1987 the Bankruptcy Court denied the motion for reconsideration. Finally, on February 29, 1988 WJC appealed the Bankruptcy Court's order denying the motion to reconsider its order dismissing WJC's claim. Associated Air argues that this Court lacks jurisdiction over the present appeal. The Court agrees.

A party dissatisfied with an appealable bankruptcy order may appeal the court's decision immediately, or move the court to

reconsider its ruling. If a party opts to have the bankruptcy court reconsider its ruling, and does not get the desired result, he may then appeal both the order and the reconsideration ruling. The question presented in this case is whether a party may seek appellate review of a bankruptcy order denying reconsideration where the order sought to be revisited has been appealed and dismissed. In other words, may a party appeal a bankruptcy order and then, unsatisfied with the appellate court's ruling, go back to the bankruptcy court and ask it to reconsider the order? And, if so, may that party then appeal the bankruptcy court's denial of the motion for reconsideration?

Bankruptcy Rule 3008 provides that "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Title 11 U.S.C. Section 502(j) similarly provides: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case...." Section 502(j) has been construed to require that a motion for reconsideration must be filed before a case is closed. *In Re Resources Reclamation Corp. of America*, 34 B.R. 771 (9th Cir. BAP 1983). Rule 3008 has even broader time allowances for filing a motion for reconsideration. The Advisory Committee Notes to Bankruptcy Rule 3008 state:

> The rule expands § 502(j) which provides for reconsideration of an allowance only before the case is closed.... If a case is reopened as provided in § 350(b) of the Code, reconsideration of the allowance or disallowance of a claim may be sought and granted in accordance with this rule.

Thus, the Bankruptcy Rules provide no clear deadline by which time a motion for reconsideration must be filed. In this case, when WJC moved the Bankruptcy Court to reconsider its order dismissing WJC's claim, the case was still open. The Bankruptcy judge did not consider the timeliness or procedural appropriateness of WJC's motion to reconsider. The Bankruptcy Rules do not explicitly prohibit filing of a motion for reconsideration after the order sought to be reconsidered has already been appealed. Nonetheless, it is implicitly obvious that such a practice would make a mockery of final judgments. Any party unsatisfied with an order could not only appeal the order, but then, if dissatisfied with the appeal, could move the bankruptcy court to reconsider the order; and, finally, if the bankruptcy court failed to reverse itself and the appellate court, the party could appeal the bankruptcy court's denial of the motion to reconsider. If this Court were to consider WJC's appeal and find it meritorious, we would be telling the bankruptcy court to reconsider an order this Court already upheld. Thus, even if WJC's motion for reconsideration was "timely," it was unauthorized.

Although it is unfortunate that WJC never received an appellate review of the order dismissing its claim on the merits, this Court cannot remedy that unfortunate situation by allowing an unauthorized appeal, based on an unauthorized motion before the Bankruptcy Court. Moreover, WJC has had its day in court. In fact, WJC has already enjoyed more than its fair share of days in court. It is, therefore,

ORDERED and ADJUDGED that WJC, INC.'s appeal is dismissed. All pending motions are dismissed as moot. The Clerk of the United States District Court is instructed to close the file.

DONE and ORDERED.