In re INTERNATIONAL YACHT AND
TENNIS, INC., Debtor.

INTERNATIONAL YACHT AND TEN-
NIS, INC., Plaintiff–Appellant,

Douglas P. Johnson and David Casani,
President of Inter. Yacht and Tennis,
Inc., Non–Party Appellants,

v.

Nathan WASSERMAN,
Defendant–Appellee.

No. 89–5115.

United States Court of Appeals,
Eleventh Circuit.

Jan. 28, 1991.

Douglas P. Johnson, Fort Lauderdale, Fla., for appellants.

Robert Frank, Michael A. Frank, Frank, Schmidt & Frank, North Bay Village, Fla., for defendant-appellee.

Before FAY and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Douglas P. Johnson, and David Casani, non-party appellants, appeal the district court's affirmance of Rule 11 sanctions imposed by the bankruptcy court for filing a meritless motion for rehearing of a previously denied motion for reconsideration. Because we find that the bankruptcy court erred in denying the original motion for reconsideration, we REVERSE the district court's order affirming the denial of reconsideration, VACATE its order affirming the assessment of attorneys' fees, and REMAND for appropriate proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

International Yacht and Tennis, Inc. d/b/a Le Club International ("Le Club") filed for bankruptcy under Chapter 11 on February 24, 1986. Debtor-in-possession Le Club's primary asset was real property located in Fort Lauderdale, Florida. On October 8, 1986, the Bankruptcy Court entered an order declaring that certain creditors had secured claims against the property. One of the secured claims was held by Nathan Wasserman, who possessed a mortgage on the property.[1] Le Club did not contest the validity of Wasserman's secured claim at this time.

Four months later, however, attorney Douglas P. Johnson, acting on behalf of his client Le Club and its president David Casani, filed a motion for reconsideration of the bankruptcy court's order declaring Wasserman's secured claim, pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rule 3008.[2]

---

1. The bankruptcy court held that Nathan Wasserman possessed a valid second mortgage against the property in the amount of $618,-144.32. Further, the court ruled that upon liquidation of the property, Wasserman would retain a lien on the proceeds for the same amount.

2. At the time Le Club filed its motion for reconsideration, section 502(j) was identical to the current provision. 11 U.S.C. § 502(j) (1988) provides, in pertinent part:

   **§ 502. Allowance of claims or interests**

   . . . .

   (j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. . . .

   11 U.S.C. § 502(j) (1988).

Le Club claimed that the Wasserman's secured claim was not supported by consideration. The motion stated that no underlying debt existed between Le Club and Wasserman. Le Club maintained that the mortgage on Le Club's property was given as an accommodation in order for two third parties to obtain a loan. The promissory note underlying the mortgage was executed by former Le Club President Angelo Romani, in his individual capacity, and Birch Seville, Inc.[3]

In response, Wasserman filed a motion to strike Le Club's motion for reconsideration, claiming that Bankruptcy Rule 8002, which sets a time limit of ten days in which to file a notice of appeal of a bankruptcy court's ruling, barred Le Club's motion. Wasserman also requested attorney's fees from Johnson and his client, Le Club president David Casani, pursuant to Fed.R. Civ.P. 11, claiming that Johnson had filed a frivolous motion. On March 3, 1987, the bankruptcy court entered an order denying Le Club's motion for reconsideration. Subsequently, Johnson filed a motion for rehearing of the court's order. Along with this motion, he submitted an affidavit by David Casani. Casani stated that Le Club was not a party to the promissory note to Wasserman, that the mortgage given by Le Club as security for the note was not supported by consideration, and that Le Club was both technically and functionally insolvent when the mortgage was executed.

The bankruptcy judge denied the motion for rehearing and granted Wasserman's motion to strike, based upon Bankruptcy Rule 8002. The court reserved ruling on the motion for attorneys' fees pending further appeal. Le Club appealed the bankruptcy court's order to the district court.

Le Club argued that because motions for reconsideration for cause under Section 502(j) could be brought at any time, Rule 8002 did not apply. The district court agreed with Le Club's contention insofar as the inapplicability of Rule 8002 to motions for reconsideration under Section 502(j), but nevertheless affirmed the bankruptcy court's order. The district court held that the bankruptcy court did not abuse its discretion in ruling that, as a matter of law, Le Club had failed to show good cause for reconsideration of Wasserman's secured claim.

The bankruptcy court then entered a final judgment and order which imposed Rule 11 sanctions against Johnson and Casani. The court's sole basis for imposing sanctions was that "the filing of the proceedings by Mr. Johnson, supported by his client, David Casani, was without merit both legally and factually" because Le Club retained no equity in its sole asset.[4] On appeal, the district court held that the bankruptcy court did not abuse its discretion, and entered a final order affirming the Rule 11 sanctions. Johnson and Casani appeal.

## DISCUSSION

### 1. Motion for reconsideration.

■■■ A debtor-in-possession in a Chapter 11 case has the same rights and duties as a trustee. 11 U.S.C. § 1107(a) (1988); see Wolf v. Weinstein, 372 U.S. 633, 649–650, 83 S.Ct. 969, 979–80, 10 L.Ed.2d 33 (1963). A trustee in a Chapter 11 bankruptcy has the duty to object to the allowance of any claim that is improper. 11 U.S.C. §§ 1106(a)(1), 704(5) (1988). By

---

Bankruptcy Rule 3008 provides:
**Rule 3008. Reconsideration of Claims**
 A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.
Bankr.R. 3008.

3. Apparently, the purpose of the loan was to allow Romani and Birch Seville, Inc. to acquire stock in Le Club from James Keenan. See R–18

(Appellant's Brief on appeal to the district court, at 11).

4. The court reasoned that, "the sole asset of the Debtor was liquidated for a sum inadequate to pay all of Mr. Wasserman's claims as well as the Mortgages and junior liens to Nathan Wasserman. In addition, there were numerous unsecured creditors whose claims could not have been satisfied from the proceeds of sale, and accordingly, the Debtor did not have any equity."

analogy, the debtor-in-possession also has this duty. *See* 11 U.S.C. § 1107(a) (1988).

Section 502(j) and Bankruptcy Rule 3008 grant the bankruptcy court the power to reconsider for cause secured claims that previously have been allowed. 11 U.S.C. § 502(j) (1988); Bankr.R. 3008. Under Section 502(j) and Bankruptcy Rule 3008, a party in interest may file a motion for such reconsideration.[5] Bankruptcy Rule 8002, a general provision regarding appeals, *not* motions for reconsideration, is inapplicable to Section 502(j). Therefore, the district court correctly reversed the bankruptcy court's holding as to Rule 8002. The real question in this case is whether the bankruptcy court erred in holding that Le Club's motion for reconsideration was not based upon "good cause."

The district court applied an abuse of discretion standard of review of the bankruptcy court's denial of Le Club's motion for reconsideration. (R–13) (citing *In re Colley*, 814 F.2d 1008 (5th Cir.), *cert. denied*, 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987); *In re W.F. Hurley, Inc.*, 612 F.2d 392 (8th Cir.1980)). The court held that the bankruptcy court did not abuse its discretion in denying Le Club's motion for reconsideration of Wasserman's claim. The court, in affirming, reiterated language from the bankruptcy court's opinion, which stated that Le Club had failed to show good cause. Despite Casani's affidavit, which claimed that no consideration was given for the mortgage, the district court surmised that Le Club did not "explicitly or implicitly assert fraud,

newly discovered evidence, [or] mistake." (R–13) (citing *Colley*, 814 F.2d at 1010). We disagree.

Although counsel for Le Club did not make the most artful of arguments in its motions, briefs, or even at oral argument before this court, we conclude that Johnson was trying to allege that Wasserman was attempting to perpetrate some sort of fraud on the court. Fraud would constitute cause under Section 502(j). *See Colley*, 814 F.2d at 1010. The mortgage was executed by Romani, in his official capacity as president of Le Club. The note, however, was executed by Romani in his *individual* capacity. We think that Casani's affidavit, which stated that the mortgage was an accommodation, raises a serious issue of whether Romani and Birch Seville Corp. perpetrated a fraud, or whether Romani, Birch Seville Corp., Wasserman, and Le Club substantially failed to follow corporate formality. Casani swore that the corporation received no consideration for giving Wasserman a security interest in corporate property as collateral for a loan to individuals.[6]

■ Additionally, the bankruptcy court's final order following the district court's affirmance offered only one basis for its determination that Le Club's motion was without good cause. The court held that because the *debtor* had no equity in the property, that is, because the claims of the unsecured creditors would consume the entire value of the property even if Wasserman's claim were disallowed, Le Club was

---

**5.** Under an earlier provision of § 502(j), the section explicitly stated that "Before a case is closed, a claim that has been allowed may be reconsidered for cause...." 11 U.S.C. § 502(j) (1982). In 1984, Congress redrafted Section 502(j) and expanded the provision by including several technical provisions. *See* Pub.L. 98–353, Title III, Subtitle H, § 445, July 10, 1984, 98 Stat. 373. The new Section 502(j) excluded the "[b]efore a case is closed" language. The effect of this change most likely is to permit reconsideration of claims once a case is reopened. *See* Collier *Bankruptcy* ¶ 502.10, 502–106 (15th ed. 1979, Rel. 24–11/87 Pub. 219); *see also* Advisory Committee Note to Bankruptcy Rule 3008 (1983); *In re Associated Air Services*, 100 B.R. 106, 107 (S.D.Fla.1988) (no clear time limit for motions for reconsideration); *In re Turchon*, 62

B.R. 461, 464 n. 3 (Bankr.E.D.N.Y.1986) (motion for reconsideration may be made upon reopening of case). Because the motion in this case was filed before the closing of the estate, there is no reason for us to consider the potential broadening effect of Congress's revision of Section 502(j).

**6.** Although we believe that Le Club *alleged* grounds (lack of consideration and fraud) that are proper for a motion for reconsideration, we strongly note that our holding in no way reaches the merits of these contentions. We hold only that the bankruptcy court abused its discretion in denying reconsideration without considering the allegations of lack of consideration and fraud.

not entitled even to file a Section 502(j) motion. According to Bankruptcy Rule 3008, parties in interest may file motions for reconsideration. The court reasoned that under Rule 3008, Le Club had no equity, was not a "party in interest," and therefore not entitled to challenge Wasserman's claim under Section 502(j).

We believe that, as a debtor-in-possession, Le Club acted in accordance with 11 U.S.C. §§ 1107(a), 1106(a)(1), 704 (1988) in attempting to preserve as much of the estate as possible for the benefit of unsecured creditors. *See* Senate Report No. 95–989 on 11 U.S.C. § 704 (1988); 11 U.S.C. §§ 1107(a), 1106(a)(1) (1988); *In re Chattanooga Wholesale Antiques, Inc.*, 67 B.R. 899, 901 (Bankr.E.D.Tenn.1986) (debtor-in-possession has duty to exercise power to object to claims for the benefit of all creditors) (citing *In re Hughes*, 704 F.2d 820 (5th Cir.1983); *In re E. Paul Kovacs and Co., Inc.*, 16 B.R. 203 (Bankr.D.Conn. 1981)). If a trustee has the right, or duty to object to claims, and to file motions for reconsideration of claims, a debtor-in-possession must also be entitled to act accordingly. Further, Le Club was a "party in interest," because of its position as debtor-in-possession representing the interests of the unsecured creditors, who did have an equity interest in the property.

■ We believe that Le Club sufficiently raised an issue of fraud in its motion for reconsideration to the extent that the bankruptcy court abused its discretion in denying Le Club's motion. Additionally, we hold that the bankruptcy court's sole basis for entering final judgment denying Le Club's motion was incorrect as a matter of law, and that the district court erred in affirming the final judgment. Accordingly, we REVERSE the decision of the district court, and REMAND for appropriate proceedings for reconsideration of Wasserman's secured claim.

## 2. Rule 11 Sanctions.

Rule 11 imposes sanctions for the filing of frivolous motions. Under Rule 11, an attorney who signs a motion certifies that he has read the motion and that, to the best of his knowledge, information, and belief formed after reasonable inquiry, the motion "is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. If attorney signs a motion in violation of this rule, the court shall assess attorneys' fees against the attorney, client, or both the attorney and client. Fed.R.Civ.P. 11.

■ A district court's decision whether a motion is legally sufficient is a question of law and subject to *de novo* review. *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (en banc). The bankruptcy court's final order which imposed Rule 11 sanctions against Casani and Johnson offered only one basis for its determination that Le Club's motion was legally insufficient. It reasoned that because the debtor retained no equity, its motion was without any legal foundation. However, the court recognized that if its order denying Le Club's motion for reconsideration were reversed, Rule 11 sanctions would be inappropriate. We agree. Section 502(j) and Bankruptcy Rule 3008 clearly allow a debtor-in-possession to file a motion for reconsideration of a previously allowed claim, even if the debtor retains no equity in the subject property. The bankruptcy court and district court erred as a matter of law in determining that Le Club was not entitled to reconsideration of Wasserman's claim. Le Club's motion for reconsideration was legally sufficient.

We strongly note, however, that our holding in no way addresses the merits of Le Club's motion for reconsideration. Moreover, our holding does not preclude the possibility of the imposition of Rule 11 sanctions if it is determined that no factual basis exists for Le Club's allegation of fraud, or if it is determined that Johnson filed Le Club's motion for reconsideration without conducting a reasonable inquiry to determine whether the motion was well grounded in fact, or if it is otherwise determined that sanctions should be imposed pursuant to Rule 11. We merely hold, for purposes of this appeal, that the bankruptcy court should have granted Le Club's

motion for reconsideration and conducted an appropriate hearing.

Accordingly, we VACATE the district court's order affirming the assessment of attorneys' fees against Douglas P. Johnson and David Casani and REMAND for appropriate proceedings consistent with this opinion.