**In re Willie L. COOK and Connie A. Cook, SSN: 423–54–6477, SSN: 424–62–2393, Debtors.**

**Bankruptcy No. 95–42133.**

United States Bankruptcy Court, N.D. Alabama, Eastern Division.

May 31, 1996.

S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1979); *In re Gallagher,* 72 B.R. 830, 834 (Bankr.N.D.Ind. 1987)) and *Harris,* 203 B.R. at 559, n. 3).

S. Keith Eady, Talladega, AL, for debtors.

Jake B. Mathews, Jr., Anniston, AL, for Ford Motor Credit Company.

Harry Long, Anniston, AL, for Standing Trustee, Mavis Willingham.

### ORDER ON MOTION TO RECONSIDER/SET ASIDE CONFIRMATION

JAMES S. SLEDGE, Bankruptcy Judge.

This case requires the Court to consider the importance of a creditor's receiving notice when a proof of claim is filed on its behalf. This matter came before the Court on a motion filed on March 19, 1996, by Ford Motor Credit Corporation (hereinafter "FMCC"), requesting the Court "set aside" the confirmation order entered in this case on the same date. The Court conducted a hearing on this matter on April 16, 1996.

## FINDINGS OF FACT

1. This matter arises in a case under title 11. The Court, therefore, has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L).

2. The debtors filed a joint petition on September 14, 1995.

3. On Schedule D, the debtors listed FMCC as having a claim in the amount of $7,000 secured by a 1994 Mercury valued at $3,500. The debtors also listed FMCC on the matrix.

4. The plan, filed September 14, 1996, along with the petition, states:

> The allowed SECURED claim set forth below shall be paid in full the value of the collateral. The balance of the claim shall be treated [as] unsecured. The debtor is the owner of the property serving as collateral for payment of the secured claims. Debtor is aware of the condition of the [sic] set forth below. The value is based upon disposition of said property in a commercially reasonable manner. The value stated os [sic] EOTJER [sic] within the [sic] percent of the value listed as the average value for good condition in an accepted report of such values, such as trade in value in NADA SE E., OR the value as of the plan filing date of the series of payments to be distributed on each allowed secured claim as provided by the plan is equal to allowed amount of such claim, based upon a present value computation using a discount rate of %8 [sic] per annum.

Below this paragraph, the plan contains the following information, displayed in substantially this manner, without captions:

"Ford Motor Credit     $7000.00     1994     Mercury (3500.00)
(has been wrecked,     $4248.04.
but fix)"

5. The clerk mailed a notice on September 22, 1995, to all creditors listed on the matrix, including FMCC. The obverse of the notice, among other things, (1) notified credi-

tors that the date of the meeting of creditors was October 12, 1995; (2) the date of the confirmation hearing was March 12, 1996; and (3) that "claims not filed by the bar date are not allowed." The notice specified the "bar date" to be January 10, 1996. The notice did not refer to any deadline for serving or filing objections to claims. The notification of the confirmation hearing directed the recipient's attention to the reverse, on which is printed a copy of the plan summary. On February 21, 1996, the clerk mailed a notice to FMCC and all other creditors stating that the date of the confirmation hearing had been changed to March 19, 1996.

6. On September 22, 1995, the debtors filed and served on FMCC an amended plan, which stated:

The holder of each allowed SECURED claim shall retain the lien securing such claim until discharge is granted and each allowed secured claim shall be paid in full with interest at a rate of 8% per annum

| Name of creditor | Total amount of debt | Debtor's value | Description of collateral | Interest factor | Debtor's fixed payment |
|---|---|---|---|---|---|
| Ford Motor | 7000.00 | 3500.00 | 94 Mercury (has been wrecked, but fixed) | 8% | $70.97 X 60 mos. |

The debtor's plan states: "The holders of each allowed secured claim shall retain the lien securing such claim until a discharge is granted and such claim shall be paid in full with interest at a rate of 8% per annum in deferred cash payments" and specifies the manner in which the payments are to be made. The plan specifies that the debtors will make sixty monthly payments of $70.97 to repay the $3,500 secured portion of the debtor's total $7,000 debt to FMCC. The debtors' total fixed payments to FMCC for the secured claim under the plan would be $4258.20. As amended, the plan provides for payments to the standing trustee in the amount of $260.00 bi-weekly for 60 months, totalling $33,789.60. The plan estimates a 100% distribution on account of allowed unsecured claims; the unsecured claim of $3,500.00 would be paid pro rata with all other allowed unsecured claims during the sixty month life of the plan.

The plan also contains the following provision:

If a timely objection or motion for valuation is not filed fifteen (15) days prior to the date fixed for the confirmation hearing, the Court will determine that the secured claims are secured to extent of the amount listed in the collateral value fields in the plan and plan summary and will determine the remaining portion of the claims to be unsecured.

7. FMCC did not file a proof of claim prior to the § 341 meeting. Keith Eady, the attorney for the debtors, signed and filed a proof of claim (Claim # 7) on behalf of FMCC on January 18, 1996. It stated the total amount of the claim at the time the case was filed was of $3,500. It classified the entire claim as secured; no supporting documents were attached.

8. The clerk did not send FMCC a notice that the debtor filed a claim on its behalf.

9. The Court held the confirmation hearing, as scheduled, on March 19, 1996, and entered a confirmation order the same day. No objections to confirmation remained pending at the conclusion of the hearing. FMCC did not attend the hearing.

10. The order provides:

3. The debtor(s), without delay, shall pay to **MAVIS WILLINGHAM, STANDING TRUSTEE** [or successor(s) ], the sum of: **$260.00 EACH TWO WEEKS UNTIL ALL ALLOWED CLAIMS ARE PAID IN FULL.**

4. All timely filed claims to which an objection has not been filed are deemed al-

lowed pursuant to 11 U.S.C. Section 502(a), and the Trustee is therefore ORDERED to make distributions on these claims pursuant to the terms of the plan as follows:

\* \* \* \* \* \*

d. To secured claimants retaining liens, the secured claim is allowed as fixed by the value of their security as provided in the attached exhibit and the balance of the claim is allowed as unsecured.

5. The holder of each allowed secured claim provided for by the plan shall retain such creditor's interest in the property of the debtor(s) which secured the claim, until such claim has been satisfied.

6. The property of the estate shall not vest in the debtor(s) until a discharge is granted under Chapter 13 or this case is dismissed out of Court.

Exhibit "A" of the confirmation order allowed FMCC a secured claim in the amount of $3,500.00 and an unsecured claim in the amount of $0.00.

11. On March 19, 1996, after the entry on the docket of the order of confirmation, FMCC filed a motion to reconsider or set aside the confirmation order and also filed a proof of claim in the amount of $21,699.23; it classifies the claim as secured in the amount of $17,650.00.

12. The debtors entered into a retail installment contract on August 1, 1994, to purchase a 1994 Mercury Grand Marquis with VIN 2MELM75W9RK652426. The contract specifies that the car includes a radio, air conditioner, automatic transmission, and power steering. The cash price was $20,976.50. The debtors financed the entire cash price, as well as an additional amount of $722.73 for taxes, and for license, title, and registration fees. The total amount financed, therefore, was $21,699.23. The annual percentage rate was 18.25%. The total amount due under the contract was $33,474.00.

*CONCLUSIONS OF LAW*

FMCC seeks reconsideration of the confirmation order. FMCC asserts the "confirmation order is a product of fraud and bad faith" because the debtors' attorney filed a proof of claim in the amount of $3,500, when the debtors in fact owed FMCC $20,074.15. FMCC also asserts its lack of notice that the claim was filed constitutes grounds for setting aside the order.

■ The Court notes at the outset that the proper form of this motion is a motion to alter or amend. Fed.R.Bankr.P. 9023; Fed. R.Civ.P. 59(e). However, any motion, served within ten days of the entry of a judgment or order, which challenges the substantive correctness of and seeks a substantive change in the judgment or order will be considered a motion to alter or amend. *Wright v. Preferred Research, Inc.*, 891 F.2d 886 (11th Cir.1990).[1] The court treats FMCC's motion in part as a timely Rule 59(e) motion to alter or amend. *Osterneck v. E.T. Barwick Industries, Inc.*, 825 F.2d 1521 (11th Cir.1987) (treating a motion for reconsideration as a Rule 59(e) motion); *Kladis v. Brezek*, 823 F.2d 1014 (7th Cir.1987) (any motion challenging the correctness of a judgment and filed within 10 days is construed as a 59(e) motion); *Vreeken v. Davis*, 718 F.2d 343 (10th Cir.1983) (same).

■ "A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996), *quoting National Trust v. Department of State*, 834 F.Supp. 453, 455 (D.D.C.1993), *aff'd in part and rev'd in part on other grounds sub nom. Sheridan Kalorama Historical Ass'n v. Christopher*, 49 F.3d 750 (D.C.Cir.1995). *See also, Collison v. International Chemical Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir.1994); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993); *Atkins v. Marathon LeTour-*

---

1. Federal Rule of Bankruptcy Procedure 9023 applies Federal Rule of Civil Procedure 59 in all cases under title 11, except to motions for reconsideration of claims, which are governed by Federal Rule of Bankruptcy Procedure 3008. Motions seeking substantive changes to an order allowing or disallowing a claim will not, therefore, be considered motions under Rule 59(e).

*neau Co.,* 130 F.R.D. 625 (S.D.Miss.1990); *Natural Resources Defense Council v. Environmental Protection Agency,* 705 F.Supp. 698, vacated on other grounds, 707 F.Supp. 3 (D.D.C.1989). The motion to alter or amend results in "plenary review to all aspects of the Order to which the Motion is directed, without the movant's need of alleging anything but any sort of error on our part." *In re Campfire Shop, Inc.,* 71 B.R. 521, 524 (Bankr.E.D.Pa.1987).

■ FMCC bases its request on the clerk's failure to provide notice that Eady filed a proof of claim on FMCC's behalf and on the inaccuracy of the proof of claim filed by Eady on its behalf. Because FMCC's motion also challenges the correctness of the allowance of the proof of claim which was filed by Eady, the Court treats FMCC's motion in part as a motion pursuant to § 502(j) and Rule 3008 to reconsider the allowance of the claim. Although this Court has held that the allowance or disallowance of claims cannot be reconsidered after confirmation, *In re Duke,* 153 B.R. 913, 916 (Bankr.N.D.Ala. 1993), the timely filing of a motion to alter or amend the confirmation order pursuant to Rule 9023 stays its finality. *Martin v. Campbell,* 692 F.2d 112 (11th Cir.1982). *Duke,* therefore, has no application to this issue. The Court may, therefore, alter or amend a confirmation order pursuant to a timely motion under Rule 9023.

■ The Court may reconsider the allowance or disallowance of a claim until a case is closed. *In re Clark,* 172 B.R. 701, 704 n. 4 (Bankr.S.D.Ga.1994) *citing International Yacht & Tennis, Inc. v. Wasserman (In re International Yacht & Tennis, Inc.),* 922 F.2d 659 (11th Cir.1991). The Court's allowance or disallowance of a claim "may be reconsidered, *but only for cause." Matter of*

*Bernard,* 189 B.R. 1017, 1021 (Bankr.N.D.Ga. 1996). The Court must determine, therefore, whether FMCC's lack of notice constitutes cause to reconsider the allowance of the claim filed by Eady.

#### A. Reconsideration of Claim filed by Eady on Behalf of FMCC

#### 1. Mootness

■ The Court's ruling on the request to reconsider the claim would be moot if FMCC's filing of its own proof of claim superseded the claim filed by Eady. Because the Court would decline to enter a meaningless order, the Court must determine whether FMCC's proof of claim supersedes the proof of claim filed on its behalf. A proof of claim filed by a creditor in a Chapter 13 case supersedes a claim filed by a debtor or trustee under Rule 3004 only if it is filed "pursuant to Rule 3002." Fed.R.Bankr.P. 3004. Rule 3002(c) specifies that "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors." Substantial debate exists whether Rule 3002(c) applies to a proof of a secured claim.[2] The Court does not address this issue because it is not properly before the Court. The Court here addresses only the issue whether a proof of secured claim filed after the date specified in Rule 3002 may supersede a proof of claim previously by the debtor or the trustee under Rule 3004.

A claim filed "pursuant to Rule 3002" must be filed in accordance with the restrictions and limitations imposed by Rule 3002. One of those restriction is that the proof of claim must be filed prior to the deadline imposed by Rule 3002(c). The Court holds, therefore, that for any proof of claim—whether the claim be secured or unsecured—filed by a

**2.** The Court notes ambiguity in Rule 3002. Paragraph (c) imposes a deadline apparently applicable to all proofs of claim. Paragraph (a), however, may imply the deadline in paragraph (c) applies only to entities which must file in accordance with the rule—unsecured creditors and equity security holders. Some courts hold that a secured creditor must file a proof of a secured claim within the time specified in Rule 3002(c) in order to have an allowed claim. *E.g., In re Schaffer,* 173 B.R. 393 (Bankr.N.D.Ill.1994). Some courts indicate that a secured creditor

failing to file within 90 days after the § 341 meeting loses only its "right to recover any deficiency it may have had from the estate or from the debtors." *In re Thomas,* 883 F.2d 991 (11th Cir.1989), *cert. denied,* 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1989). *See also, In re Burrell,* 85 B.R. 799, 800–01 (Bankr.N.D.Ill. 1988). Some courts hold that a secured creditor need not file a proof of claim at all in order to have an allowed claim. *E.g., In re Babbin,* 156 B.R. 838, 848–49 (Bankr.D.Colo.1993).

creditor to supersede a claim filed by a debtor or or trustee pursuant to Rule 3004, the creditor must file the claim within the time deadline imposed by Rule 3002(c). The claim filed by FMCC does not supersede the claim filed on its behalf by Eady; the Court's reconsideration of the claim filed by Eady, therefore, is not moot.

### 2. Materially false claim

■ Eady filed the proof of claim on behalf of FMCC in the amount of $3,500. Conspicuously absent from the claim on a writing was any document to support the claim. FMCC offered such documentation with its claim and at the hearing on this motion; it showed indebtedness in excess of $20,000. The debtors did not dispute, however, the evidence at the hearing that the debtors actually owe over $20,000 on account of this claim. The debtors conceded that an unsecured portion of the claim existed but asserted no responsibility to file an accurate claim on behalf of the creditor. The debtors are incorrect.

■ A claim is a right to payment or remedy. 11 U.S.C. § 101(5). If a creditor has a right to payment which the debtor does not dispute, any proof of claim filed by that debtor must be accurate to the best knowledge of the debtor. The person signing the claim verifies to the Court that "to the best of the party's knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact." Fed.R.Bankr.P. 9011. A statement that the debtors owe $3,500 implies that the debtors owe only $3,500. Because the debtors owed substantially more than $3,500, the proof of claim filed by Eady is materially false.

FMCC lost a valuable right by not receiving notice that a materially false claim was filed on its behalf. Had FMCC received proper notice that Eady had filed this proof of claim, it could have objected to confirmation. These facts are the only ones asserted by FMCC to constitute fraud and bad faith.

### 3. Lack of notice

■ Section 501(c) allows a debtor or trustee to file a proof of claim on behalf of a creditor if the creditor does not timely file one. Rule 3004, which purportedly implements § 501(c),[3] allows the debtor or trustee to file a proof of claim for any creditor who fails to file a proof of claim on or before the first date set for the § 341 meeting.[4] The clerk is required to mail the creditor notice of the filing of the claim on its behalf. Any claim filed by the creditor pursuant to Rule 3002 supersedes the claim filed by the debtor or trustee. The clerk did not mail notice of the debtor's filing to FMCC. FMCC, therefore, did not receive notice that the debtor filed a proof of claim on its behalf. It could not participate, therefore, in the allowance or disallowance of the claim.

As a consequence of and in addition to FMCC's having no notice that a claim was filed on its behalf, FMCC could have reasonably concluded that the plan did not provide for its claim. Assuming (without deciding) that the trustee may pay only allowed claims provided for by the plan, Fed.R.Bankr.P. 3021, a plan provision ostensibly providing for a claim is illusory if the trustee is prohibited by law from paying what the plan pro-

---

**3.** Fed.R.Bankr.P. 3004, Advisory Committee Note (1983).

**4.** The Court notes that Rule 3004 significantly expands the rule enunciated in § 501(c). Section 501(c) is limited to creditors who fail timely to file proof of claim. Rule 3004, however, permits the debtor or trustee to file a proof of claim on behalf of a creditor who has not filed a claim on or before the date of the § 341 meeting; on the date of the § 341 meeting, no deadline has yet passed and no claim filed within the next ninety days would be untimely. Although the debtor's and trustee's respective rights to file a proof of claim are determined on the date of the § 341 meeting, the debtor and trustee may not file until after the deadline imposed by Rule 3002(c) or 3003(c). 11 U.S.C. § 502(c). Rule 3004 attempts to reconcile these somewhat inconsistent rules by providing that any claim filed by a creditor pursuant to Rule 3002 or 3003(c) supersedes the claim filed by the debtor or the trustee. However, only claims timely filed by the creditors may supersede claims filed by the debtor or trustee. A timely filed proof of claim, however, negates any right of a debtor or trustee to file a proof of claim on behalf of the creditor. 11 U.S.C. § 501(c). A conflict exists, therefore, between § 501(c) and Rule 3004, which should be addressed by Congress and the Supreme Court.

vides. Under the current state of the law, FMCC might have not unreasonably concluded that its claim was not provided for by the plan and that it would, therefore, retain its lien. 11 U.S.C. § 1327(c).

Rule 9023 incorporates Rule 59 in all cases under title 11. Rule 59 applies to "judgments," which means, in the context of the Federal Rules of Bankruptcy Procedure, any appealable order. Fed.R.Bankr.P. 9001(7). In the context also of Rule 59 itself, "judgment" means any order from which an appeal lies. *Richland Trust Co. v. Federal Ins. Co.,* 480 F.2d 1212 (6th Cir.1973). "An appealable final order is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *T & B Scottdale Contractors, Inc. v. United States,* 815 F.2d 1425, 1427 (11th Cir.1987), quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). *Accord, Pitney Bowes, Inc. v. Mestre,* 701 F.2d 1365, 1368 (11th Cir.), *cert. denied,* 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 230 (1983). Although the confirmation order does not end "litigation" of a civil action, it ends all litigation over the matters provided for by the plan. Confirmation of the plan leaves nothing for the court to do on those matters. An order confirming a plan of reorganization is final and appealable. *Matter of Wade,* 991 F.2d 402, 406 (7th Cir.1993); *Sapos v. Provident Inst. of Sav. in Town of Boston,* 967 F.2d 918, 921 (3rd Cir.1992); *Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting,* 908 F.2d 1351, 1355 (7th Cir.1990); *In re Met–L–Wood Corp.,* 861 F.2d 1012, 1016 (7th Cir.1988). *See also,* Fed.R.Bankr.P. 8002(c) (limiting extension of period in which to file appeal from order confirming plan). Rule 9023 applies, therefore, to confirmation orders.

Because FMCC did not receive notice that a claim had been filed on its behalf, the Court will reconsider the order allowing the claim filed on its behalf. The Court finds that the debtor was indebted to FMCC in the amount of $20,074.15 on the date the Cooks filed their petition, as not disputed by the debtors. The Court will, therefore, allow the claim filed on behalf of FMCC in the amount of $20,074.15. *See, Ob/Gyn Solutions, L.C. v.*

*Six (In re Six),* 80 F.3d 452 (11th Cir.1996). The Court concludes, however, that FMCC did not prove the secured status of the claim to be different from the secured status represented in the proof of claim filed by Eady and supported by the terms of the plan and Schedule D. FMCC did not examine the collateral and its evidence is not persuasive in the face of the owners' first-hand knowledge. The Court will not disturb its finding, therefore, that the claim is a secured claim in the amount of $3500.00.

**B. Reconsideration of Confirmation Order**

▪ The reconsideration of Claim # 7 results in the allowance of the claim in an amount significantly greater than the amount in which it was originally filed. Based on the amount of the debtors' payments to the trustee, this allowed unsecured claim may or may not be paid in full. Section 1325(b) requires all allowed unsecured claims to be paid in full unless "the plan provides that all of the debtor's projected disposable income to be received in the three year period beginning on the date the first payment is due under the plan will be applied to make payments under the plan." 11 U.S.C. § 1325(b)(1). The plan contains no such provision.

▪ In response to a motion under Rule 9023, the Court must "review all aspects of the order to which the motion is directed." *In re Campfire Shop, Inc.,* 71 B.R. 521, 524 (Bankr.E.D.Pa.1987). The Court concludes that the plan may not be confirmed without a finding that the "disposable income" test is met. To do so would be a clear error of law. *See, In re Cornelison,* 901 F.2d 1073 (11th Cir.1990). The Court will, therefore, vacate the confirmation order.

▪ The Court does not lightly disturb a confirmation order. Section 1327(a) provides: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). FMCC is a creditor in this case and would be whether or not its claim is allowed. FMCC is bound, therefore, by the

terms of the plan. *In re Penrod*, 50 F.3d 459 (7th Cir.1995); *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir.1990); *In re Clark*, 172 B.R. 701 (Bankr.S.D.Ga.1994) (overruling objections to allowance of claims eight months after confirmation); *In re Ross*, 162 B.R. 785 (Bankr.N.D.Ill.1993) (denying debtor's contest of value securing collateral after confirmation); *In re Edwards*, 162 B.R. 868 (Bankr.D.Colo.1993). However, Rules 9023 and 9024 allow the Court to alter, amend, vacate, or relieve parties from the effect of judgments and orders, including confirmation orders, where sufficient cause is shown. *Matter of Bernard*, 189 B.R. 1017 (Bankr. N.D.Ga.1996); *In re Clark*, 172 B.R. 701 (Bankr.S.D.Ga.1994). The Court emphasizes that a party may challenge a confirmation order only by filing a motion under Rules 9023 or 9024 or by filing a notice of appeal pursuant to Rule 8001.

It is, therefore, ORDERED that:

(1) Claim # 7, filed by Keith Eady on behalf of Ford Motor Credit Co., is allowed in the amount of $20,074.15;

(2) The Court determines Claim # 7 to be secured to the extent of $3,500.00; and

(3) The confirmation order entered March 19, 1996, is vacated.