**In re SOUTHWEST FLORIDA TELE-COMMUNICATIONS, INC. d/b/a WNPL–TV, Debtor.**

**Bankruptcy No. 93–10107–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Nov. 10, 1998.

Robert Gebhardt, Naples, FL.

Lance H. Baker, Ft. Lauderdale, FL.

Diane L. Jensen, Ft. Myers, FL.

Robert M. Quinn, Tampa, FL.

Cynthia P. Burnett, Tampa, FL, U.S. Trustee.

R. Wade Wetherington, Tampa, FL.

F. Aubrey Copeland, Denver, CO.

Zala L. Forizs, St. Petersburg, FL.

**ORDER ON MOTION OF JEAN–PIERRE BOEGNER, FOR RECONSIDERATION OF ORDERS APPROVING COMPROMISE OR ALTERNATIVELY TO SET ASIDE ORDERS APPROVING COMPROMISE WITH WILLIAM T. DARLING AND ANN DARLING (DOC. NOS. 573 AND 589)**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this Chapter 11 case are (1) Jean–Pierre

Boegner's Motion for Reconsideration of Orders Approving Compromise or Alternatively to Set Aside Orders Approving Compromise with William T. Darling and Ann Darling (Boegner's Motion for Reconsideration) (Doc. No. 573); and (2) Motion of William T. Darling and C. Ann Darling For Judgment on the Pleadings and/or Motion For Summary Judgment Regarding Jean–Pierre Boegner's Motion for Reconsideration of Orders Approving Compromise or Alternatively to Set Aside Orders Approving Compromise (Doc. No. 589). The Court reviewed the Motions and the record, heard argument of counsel and testimony of witnesses and now finds as follows:

Southwest Telecommunications, Inc. (Debtor) filed its voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on September 24, 1993. William T. Darling (Darling) is the principal shareholder and chief executive officer of the Debtor. The Debtor's First Amended Plan of Liquidation (Plan) was confirmed by Order of this Court entered on September 15, 1995. The Plan, as modified, provided for the liquidation of the Debtor's assets, primarily consisting of a television station. The law firm of Stichter, Riedel Blain & Prosser (Liquidating Agent) was appointed as the liquidating agent, whose duties were to include selling the Debtor's assets, reviewing the claims filed in the case and challenging the allowance of those claims which in the Liquidating Agent's view should not be allowed. Of course, as part of the claims objection process, the Liquidating Agent had the authority to compromise disputes.

Among the numerous disputes which arose, one involved several claims filed by Darling and Ann Darling, his wife (Darlings). The initial objection of the Liquidating Agent was directed to Proof of Claim Nos. 74 and 102 (the "Claims") filed by the Darlings. Claim No. 74 asserted an unsecured claim in the amount of $1,429,000.00. Claim No. 102, filed on October 12, 1995, asserted an unsecured claim in the amount of $436,686.46, based upon a claim that loans and cash advances were made by William Darling to WNPL TV.

The Objection was based on the contention that the funds advanced to the Debtor were in fact contributions to capital and did not create a valid debt of the Debtor. At a hearing on the Objections, this Court sustained the objection to Claim Nos. 77 and 74 and ruled that resolution of the claimed amounts and entitlement to distribution would be determined in Adversary No. 95–161, in which the Darlings were seeking subrogation to certain other claims in the case. This adversary proceeding was resolved pursuant to a compromise approved by this Court, by which the Darlings' Claim No. 77 was allowed as a general unsecured claim in the amount of $184,842.00.

On September 25, 1996, the Liquidating Agent commenced Adversary Proceeding No. 96–673 against the Darlings to set aside certain post-petition transactions, or in the alternative, requesting subordination of the allowed claims of the Darlings.

On May 20, 1997, the Liquidating Agent sought approval of this Court to employ the firm of Arthur Anderson, LLP, certified public accountants. The stated purpose of the engagement was to permit Arthur Anderson to assist the Liquidating Agent in evaluating claims. This Court subsequently authorized Arthur Anderson's employment.

The Liquidating Agent and the Darlings entered into an agreement to settle the Adversary Proceeding and to compromise Claim No. 102. At a duly scheduled hearing with notice to all parties of interest, this Court heard the Liquidating Agent's statements in support of the proposed compromise and statements by after parties of interest. The Liquidating Agent represented that after months of informal discovery, with Arthur Andersen conducting an extensive analysis of monies flowing into and out of the Debtor's accounts and in and out of the Darlings' accounts, the

Liquidating Agent was able to assess the litigation risks. As a result, the Liquidating Agent proposed the compromise and offered that anyone else may substitute to litigate the matter in lieu of the compromise.

No objection was raised either in writing or orally at the hearing. In fact, in response to this Court's inquiry as to whether anyone had any problems with the compromise, Boegner's counsel represented that there were no objections, except that he would like the distribution on the Darlings' claim to be sent directly to his trust account in accordance with an agreement that was reached between Boegner and the Darlings in the Darlings' personal bankruptcy case. See Transcript of hearing held on September 4, 1997, pp. 10–11.

Having reviewed the Motion together with other relevant portions of the record, this Court approved the compromise and entered the following orders: (1) Order on Motion to Compromise Controversy entered on September 12, 1997; (2) Order Denying Motion on Liquidating Agent's Objection to Claim No. 102 by William Darling and Ann Darling entered on September 23, 1997; and (3) Amended Order on Motion to Compromise Controversy on Liquidating Agent's Objection to Claim No. 102 entered on October 1, 1997.

Pursuant to the terms of the compromise approved by the Court, Claim No. 102 was allowed as a general unsecured claim in the reduced amount of $330,-000.00 with the balance of the claim being disallowed. Under the terms of the compromise, the Darlings were required to cooperate with the Liquidating Agent and utilize their best efforts to assist the Liquidating Agent in furnishing information relating to the filed claims of other claimants. In consideration of the foregoing, the Liquidating Agent agreed to dismiss the Adversary Proceeding with prejudice.

Although the Orders approving the compromise had already been entered, on October 17, 1997, Boegner filed a Motion objecting to the compromise rather than a Motion for reconsideration of the Orders. Boegner contended that he learned of the existence of new documents of which Arthur Andersen was unaware at the time the compromise was reached, regarding certain misrepresentations by the Darlings regarding the extent of the transfers made by the Debtor to the Darlings or to third parties on the Darlings' behalf. Boegner contended that in arriving at the compromise approved by the Court in September 1997, the Liquidating Agent relied on the accounting reports of Arthur Andersen which were incomplete. The alleged "newly discovered evidence" was the evidence which would show that Mr. Darling made fraudulent representations to the Liquidating Agent and its accountant Arthur Andersen in connection with Claim Nos. 77 and 102 regarding the amount of indebtedness due Darling and that the Darlings' claims against the Debtor were fraudulent. This Court overruled the objection by an Order entered on December 22, 1997. Boegner did not move for reconsideration of he December 22, 1997 Order.

On May 27, 1998, Jean–Pierre Boegner (Boegner) filed a Motion for Reconsideration, seeking for the first time the reconsideration of the Orders approving the compromise. The Motion was based on Federal Rule of Bankruptcy Procedure 9023 and 9024 and Section 502(j) of the Bankruptcy Code.

Boegner contends that the Orders should be reconsidered and vacated because the compromise is improvident and not beneficial to the estate and that the objections to the Darling's claims should be reinstated and tried on their merits. He contends that the allowance of Claim No. 102 in the sum of $330,000.00 is unjustified because substantial evidence indicates that the Darlings received directly from the Debtor or caused the Debtor to pay third parties for their benefit sums vastly in excess of amounts which they have shown they advanced to the Debtor from their personal funds. Further, Boeg-

ner contends that the Darlings breached their contractual obligations under the compromise because they failed and refused to cooperate with the Liquidating Agent.

The Darlings, on the other hand, argue that even if all of the allegations in Boegner's Motion for Reconsideration are correct, reconsideration of the propriety of approving the compromise is inappropriate for several reasons. The Darlings contend that Boegner failed to object to their claims until October 16, 1997, when he filed a Verified Motion Objecting to Compromise of Claim Nos. 77 and 102. This Motion was filed fifteen days after the Final Order approving the compromise was entered and, therefore, the Darlings contend that Boegner's Motion for Reconsideration is barred by the doctrine of *res judicata*. They contend that Boegner was fully aware of the requirement to object to the compromise but instead of doing so, Boegner filed a motion asserting that Darling had committed fraud and that any monies which Darling is entitled to receive in this case should be held in a constructive trust for Boegner. The Darlings contend that Boegner agreed to the compromises and that, therefore, he is barred from further litigating the matter. See Boegner's Motion for Order Requiring Liquidating Agent to pay Claims of and Distributions to William and Ann Darling Into Registry of the Court filed on October 10, 1997.

■ As noted, the Motion under consideration is based upon Section 502(j) of the Bankruptcy Code which provides,

(j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case....

Federal Rule of Bankruptcy Procedure 3008 provides,

A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after hearing on notice shall enter an appropriate order.

The bankruptcy court has broad discretion in deciding whether to reconsider a claim. *See Matter of Colley,* 814 F.2d 1008, 1010 (5th Cir.1987), cert. denied 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987).

■ Although the compromise involved the allowance of the Darlings' claim, the real issue at hand is not the propriety of reconsidering the allowance of Darlings' claim under 11 U.S.C. § 502(j). Rather, the matter at hand is the reconsideration of the soundness of this Court's approval of the compromise. A bankruptcy court may approve a compromise of a debtor's claim pursuant to Federal Rule of Bankruptcy Procedure 9019(a), but should do so only when the settlement is fair and equitable and in the best interest of the estate. *Matter of Foster Mortgage Corp.,* 68 F.3d 914, 917 (5th Cir.1995). The Eleventh Circuit Court of Appeals has adopted a four-part test which was first articulated in *Drexel v. Loomis,* 35 F.2d 800, 806 (8th Cir.1929) to determine that a settlement is fair, equitable, and in the interest of the estate and creditors:

(a) the probability of success in the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d) the paramount interest of creditors and a proper deference to their reasonable views in the premise.

*In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1549 (11th Cir.1990), cert. denied 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990).

As previously noted, Boegner was present at the hearing on the Motion to approve the compromise and fully supported the compromise with the proviso that any distribution on the Darlings' claim would be paid into Boegner's counsel's trust account. The Liquidating Trustee assessed the litigation risks, including the costs as-

**142**

sociated with the same and represented that it made no sense to spend additional dollars that would go to the unsecured creditors to fight the Darlings' claim.

█ In the situation, such as here, where the time for appeal has expired, a motion to reconsider should be treated as a motion for relief from judgment under Federal Rule of Bankruptcy Procedure 9024. *See In re Cleanmaster Industries, Inc.,* 106 B.R. 628, 629 (9th Cir. BAP 1989). Fed.R.Bankr.Pro. 9024 adopts Federal Rule of Civil Procedure 60, which provides in pertinent part,

> . . .
>
> (b) Mistakes; Inadvertence; Excusable neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1)mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Rule 60 of the Federal Rules of Civil Procedure sets forth the standards for reconsideration of claims and helps define "cause" under § 502(j). *Id.*

In the instant Motion for Reconsideration, Boegner in essence has repeated his argument that the Orders approving the compromise should be reconsidered due to newly discovered evidence. In addition, Boegner argues that the Orders should be reconsidered because the Darlings breached that term of the compromise which required the Darlings to cooperate with the Liquidating Trustee in furnishing information relating to their claims or the claims of other claimants. Rather than cooperate, Boegner contends that Mr. Darling failed to answer scores of questions pertaining to the financial dealings of the Debtor. Boegner points to a motion to compel the testimony of William Darling with regard to matters relevant to the case.

█ This Court is not persuaded by Boegner's renewed argument based upon newly discovered evidence. The evidence is not new. In addition, Boegner's justification for failing to have this information available at the hearing on the motion to compromise, is that the information was privileged and not subject to discovery. This Court is not convinced that the information was undiscoverable. Even if it were, Boegner could have timely objected to the compromise on that basis.

█ Turning to Boegner's contention that the Darlings breached the terms of the compromise, it is true that the Darlings refused to cooperate with the Liquidating Trustee. It is equally true, however, that in viewing the totality of the circumstances surrounding the approval of the compromise, the requirement to cooperate was not a condition precedent to the effectiveness of the compromise and was not material to the compromise. This Court, therefore, is satisfied that the Darlings' refusal to cooperate was not a material breach which would result in the vacation of the Orders approving the compromise.

In view of the foregoing, this Court is satisfied that Boegner's Motion for Reconsideration should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Jean–Pierre Boegner's Motion for Reconsideration of Orders Approving Compromise or Alternatively to Set Aside Orders Approving Compromise with William T. Darling and Ann Darling (Doc. No. 573) be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion of William T. Darling and C. Ann Darling For Judgment on the Pleadings and/or Motion For Summary Judgment Regarding Jean–Pierre Boegner's Motion for Reconsideration of Orders Approving Compromise or Alternatively to Set Aside Orders Approving Compromise, Served May 27, 1998 (Doc. No. 589) be, and the same is hereby denied as moot.