**In re Robert Paul COFFMAN Jr. and Galyn Frederiksen–Coffman, Debtors.**

No. 99–10395–RLJ–13.

United States Bankruptcy Court, N.D. Texas, Abilene Division.

Jan. 10, 2002.

Phil Black, Law Offices of Phil Black, Abilene, TX, for debtors.

David M. Jones, Sprouse, Smith & Rowley, Amarillo, TX, for creditor.

## MEMORANDUM OPINION

ROBERT L. JONES, Bankruptcy Judge.

Robert Paul Coffman Jr. and Galyn Frederiksen–Coffman (the Coffmans), the debtors, seek to modify their confirmed Chapter 13 plan to provide for surrender of a 1992 Acura Integra to Amarillo Community Federal Credit Union (ACFCU) in satisfaction of the Coffmans' obligation to make payments on ACFCU's secured claim. ACFCU objects to the modification. Hearing on the issue was held November 19, 2001.

This court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(B). This Memorandum Opinion contains the court's findings of fact and conclusions of law. FED. R.BANKR.P. 7052, 9014.

### Background

The facts in this case are not in dispute. The Coffmans filed their Chapter 13 proceeding on May 28, 1999. Their Chapter 13 plan was confirmed March 30, 2000. Under the plan, the Coffmans pay $325.00 a month for 60 months, with payments beginning July, 1999. ACFCU's claim of $6,775.00, secured by the 1992 Acura Integra, was treated as secured to the extent of the car's value of $5,450.00, with interest at 9% per annum, resulting in payments of $121.30 per month. After confirmation of their plan, the Coffmans began having mechanical problems with the car. Mrs. Coffman testified that the car kept breaking down, that they had recently spent more than $2,500.00 in repairs on the car, and that problems with the car had caused her to be late for work for which she was reprimanded. The Coffmans therefore decided to rid themselves of the car by parking it on ACFCU's parking lot. On August 14, 2001, the Coffmans filed their Chapter 13 plan modification which provides for surrender of the 1992 Acura in full satisfaction of ACFCU's claim [1] and decreases the monthly plan payments from $325.00 a month to $112.00 per month. ACFCU has made no attempts to repossess the car.

The Coffmans argue that they are entitled to surrender the car to ACFCU in satisfaction of ACFCU's secured claim. Alternatively, they contend that if a deficiency exists upon foreclosure by ACFCU, ACFCU is entitled to nothing more than an unsecured deficiency claim to be paid along with other unsecured creditors in the Coffmans' modified plan. ACFCU objects to the modification, noting that the modification results in reducing the Coffmans' plan from paying a 9% dividend to unsecured creditors to one paying a 0% dividend to unsecured creditors, and contending that, as held by the Sixth Circuit in *Chrysler Financial Corp. v. Nolan (In re Nolan)*, 232 F.3d 528 (6th Cir.2000), section 1329(a) of the Bankruptcy Code, which addresses modification of a confirmed Chapter 13 plan, does not permit a

---

1. The court notes that the modification refers to ACFCU's claim of $6,775.00 secured by the 1992 Acura Integra of a value of $6,775.00. This is inconsistent with the plan as originally confirmed on March 30, 2000, which bifurcated ACFCU's claim into a secured claim of $5,450.00 and an unsecured claim of $1,325.00.

modification that effectively eliminates its secured claim. Under such circumstances, ACFCU argues that it is not required to take back the car.

### Discussion

The Coffmans and ACFCU presume the car's value is presently less than ACFCU's secured claim. The issue, therefore, is whether a postconfirmation plan modification can provide for surrender of collateral with any resulting deficiency after foreclosure constituting an unsecured claim. In this case, given that ACFCU's lien was already stripped down under the confirmed plan, the modification will cause its unsecured claim to increase by the amount of any deficiency.

Several courts have addressed this issue, albeit none from the Fifth Circuit. Moreover, the courts have disagreed on their answer to this issue. Some allow such a modification while others do not.[2]

 In considering this issue, the court examines the legal effect of the Coffmans' confirmed plan in light of their right to modify the plan postconfirmation. First, section 1327 of the Bankruptcy Code provides that a confirmed plan is binding on the debtor and each creditor. 11 U.S.C. § 1327(a) (2000). Consistent with this, a confirmed Chapter 13 plan is res judicata. *See Adair v. Sherman,* 230 F.3d 890, 894 (7th Cir.2000); *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee),* 193 F.3d 1083, 1087 (9th Cir.1999) (holding that confirmation orders are given preclusive effect); *United States v. Richman (In re Talbot),* 124 F.3d 1201, 1209 (10th Cir. 1997) ("Absent timely appeal, the confirmed plan is res judicata and its terms are not subject to collateral attack"); *Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160, 162 (4th Cir.1993). "[T]he Plan is res judicata as to *all* issues that could have or should have been litigated at the confirmation hearing." *In re Pardee,* 193 F.3d at 1087 (emphasis added). Because all issues addressed during a plan confirmation are given preclusive effect, the bifurcation of a creditor's claim into a secured claim and an unsecured claim is likewise given preclusive effect. *See Bank of Lafayette v. Baudoin (In the Matter of Baudoin),* 981 F.2d 736, 742 (5th Cir.1993). Thus if a creditor has an allowed secured claim of x dollars, which must be paid during the life of the plan, that issue has been litigated and cannot be altered. *See id.* Additionally, "[a]n arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court. Any attempt by the parties to relitigate any of the matters that were raised *or could have been raised* therein is barred under the doctrine of res

---

2. *See In re Goos,* 253 B.R. 416 (Bankr. W.D.Mich.2000) (summarizing the case law on the issue). The court stated "Some [courts] conclude such a reclassification is permissible while others conclude the statute prohibits such a reclassification. Compare, e.g., *Matter of Day,* 247 B.R. 898 (Bankr. M.D.Ga.2000); *In re Waller,* 224 B.R. 876 (Bankr.W.D.Tenn.1998); *In re Anderson,* 153 B.R. 527 (Bankr.M.D.Tenn.1993); *In re Rimmer,* 143 B.R. 871 (Bankr.W.D.Tenn.1992); *In re Frost,* 96 B.R. 804 (Bankr.S.D.Ohio 1989); *In re Jock,* 95 B.R. 75 (Bankr. M.D.Tenn.1989); *In re Stone,* 91 B.R. 423 (Bankr.N.D.Ohio 1988); (all stating a debtor may use § 1329 to surrender a vehicle and reclassify any deficiency claim as unsecured) with, e.g., *Chrysler Financial Corp. v. Nolan,* 234 B.R. 390 (M.D.Tenn.1999); *Sharpe v. Ford Motor Credit Co. (In re Sharpe),* 122 B.R. 708 (E.D.Tenn.1991); *In re Meeks,* 237 B.R. 856 (Bankr.M.D.Fla.1999); *In re Coleman,* 231 B.R. 397 (Bankr.S.D.Ga.1999); *In re Dunlap,* 215 B.R. 867 (Bankr.E.D.Ark.1997); *In re Banks,* 161 B.R. 375 (Bankr.S.D.Miss. 1993); *Matter of Abercrombie,* 39 B.R. 178 (Bankr.N.D.Ga.1984) (all stating that § 1329 does not permit postconfirmation modification by surrender of collateral and reclassifying secured claim balance as unsecured)." *Id.* at 420.

*judicata." Sanders v. City of Brady (In the Matter of Brady)*, 936 F.2d 212, 215 (5th Cir.1991) (emphasis in original). Accordingly, absent a statutory exception, the Coffmans and ACFCU are bound by the terms of the Coffman's confirmed plan.

■ Section 1329(a) of the Code creates an exception as it authorizes certain modifications of confirmed Chapter 13 plans. 11 U.S.C. § 1329(a) (2000). The exception is limited, however. Section 1329(a) provides that a confirmed plan may be modified to "(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend or reduce the time for such payments; or (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan." *Id.* As noted by the Sixth Circuit in *In re Nolan*, section 1329(a) does not expressly permit a modification that reclassifies or changes the nature of a claim. *In re Nolan*, 232 F.3d at 532–33. Rather, section 1329(a) only permits the debtor to alter the amount or the timing of specific payments. *See id.* "Section 1329(a)(1) should not be read so broadly as to authorize the reclassification of claims." *Id.* at 533. The Coffmans' modification effectively alters the very nature of ACFCU's secured claim and, if allowed, stretches the language of section 1329(a) beyond its plain meaning.

Even if section 1329(a) were construed to allow consideration of the Coffmans' modification, the proposed modification is unfair. Given the binding nature of the confirmed plan, a debtor naturally benefits if retained collateral appreciates in value because the creditor whose claim is secured by the collateral cannot move to modify the plan to have the collateral "re-

valued."[3] Where, as here, the creditor has experienced a cram down in valuation at the time of confirmation, the modification, if allowed, results in a double reduction in the secured debt to the debtor's benefit. It is only fair that the Coffmans bear the burden of depreciation. *See In re Nolan*, 232 F.3d at 533–34. "There is no indication that Congress intended to allow debtors to reap a windfall by employing a subterfuge that unfairly shifts away depreciation, deficiency, and risk voluntarily assumed by the debtor through her confirmation of the Chapter 13 plan." *Id.* at 534.

■ While not raised by the parties here, some courts have held that section 502(j) constitutes an additional exception (other than section 1329(a)) to the binding effect of a confirmed Chapter 13 plan and that a review of a claim under section 502(j) is available after confirmation of a Chapter 13 plan. *See Amtech Lighting Servs. Co. v. Payless Cashways (In re Payless Cashways Inc.)*, 230 B.R. 120, 137 (8th Cir. BAP 1999); *In re Levoy*, 182 B.R. 827, 831–32 (9th Cir. BAP 1995); *In re Zieder*, 263 B.R. 114 (Bankr.D.Ariz.2001); *United States v. Zieg (Matter of Zieg)*, 206 B.R. 974, 978 (D.Neb.1997). *But see In re Cook*, 205 B.R. 617, 622–23 (Bankr. N.D.Ala.1996).

In fact, the bankruptcy court in *In re Zieder* specifically rejects the rationale advanced by the Sixth Circuit in *In re Nolan. In re Zieder*, 263 B.R. at 118–120. Both *In re Nolan* and *In re Zieder* had similar fact patterns to each other and to those before this court. The debtors in both cases surrendered their cars to their secured creditors after confirmation of their respective Chapter 13 plans. *See In re Nolan*, 232 F.3d at 529–30; *In re Zieder*,

---

**3.** Section 1329 states that a plan may be modified "upon request of the debtor, the trustee, or the holder of an allowed unsecured claim." 11 U.S.C. § 1329(a) (2000).

263 B.R. at 116. Both debtors sought to modify their plans to extinguish the secured claims on their cars, arguing that the surrender of the cars terminated the secured status of the claims. *See id.* The debtors further sought to classify the deficiencies remaining after the surrenders as unsecured claims. *See id.* In rejecting the *In re Nolan* court's holding that the plan cannot be so modified, the bankruptcy court in *In re Zieder* argued that *In re Nolan's* reliance on section 1329(a) was partly misplaced. *In re Zieder,* 263 B.R. at 117. The linchpin argument of *In re Zieder* is the court's contention that section 502(j) allows the type of modification proposed here.[4] Section 502(j) states that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j) (2000). The *In re Zieder* court considered the surrender of collateral to a secured creditor as "cause" for purposes of section 502(j), thereby permitting the reconsideration of an allowed claim within the context of a plan modification. *In re Zieder,* 263 B.R. at 117.

■ Upon the facts of this case, the court rejects the argument that section 502(j) may allow the modification proposed here. Section 502(j), as well as the cases that have interpreted it, address the allowance or disallowance of a claim, not the reclassification of a claim. *See* 11 U.S.C. § 502(j); *In re Farley Inc.,* 211 B.R. 889, 892 (Bankr.N.D.Ill.1997); *In re Excello Press Inc.,* 83 B.R. 539, 540–41 (Bankr. N.D.Ill.1988). In addition, as stated by the bankruptcy court in *In re Duke,* "after

confirmation, only § 1329 permits a modification of a plan's treatment of a claim, which must be strictly and narrowly construed as an exception to the binding effect of § 1327(a)." 153 B.R. 913, 918 (Bankr.N.D.Ala.1993). Section 1329 does not incorporate section 502(j). Moreover, the court notes that plans in this district are considered for confirmation after all claims are filed. A filed proof of claim is deemed allowed for purposes of the plan unless such claim is "acted upon—that is, allowed or disallowed—before confirmation of the plan ..." *Simmons v. Savell (In re Simmons),* 765 F.2d 547, 553 (5th Cir. 1985). *See also In re Rincon,* 133 B.R. 594 (Bankr.N.D.Tex.1991) (a claim may not be increased after confirmation).

■ Nevertheless, even assuming that section 502(j) review of a claim is available postconfirmation, and further assuming that *In re Zieder* correctly holds that section 502(j) applies, not just to allowing or disallowing a claim, but also to reclassifying it, the question still remains whether the court *should* allow such a reclassification pursuant to section 502(j).

As noted, section 502(j) permits a reconsideration of an allowed or disallowed claim "for cause." 11 U.S.C. § 502(j). Once a claim is reconsidered for cause, such reconsidered claim may be allowed or disallowed "according to the equities of the case." *Id.* The first inquiry, therefore, is whether cause exists to permit a debtor to surrender collateral postconfirmation and to then reclassify any deficiency after foreclosure as an unsecured claim. *See Nat'l Bank of Tex. v. West Tex. Wholesale Sup-*

---

4. The court in *In re Zieder* also invoked section 506(a) as authority for establishing, upon modification, the extent to which a claim is secured. *In re Zieder,* 263 B.R. at 117–18. The court need not address the applicability of section 506(a) because, in the court's opin-

ion, section 506(a) has no relevance unless section 502(j) first allows the proposed modification. "[S]ection 506(a) has no independent significance." COLLIER ON BANKRUPTCY § 506.03[4][a][iv] (15th ed.2001).

*ply (In the Matter of Colley)*, 814 F.2d 1008, 1010 (5th Cir.1987) (en banc). Only if this inquiry is answered in the affirmative does the court consider the equities of the case. *See id.*

■ "Cause" is not explicitly defined in the Code or in the Rules. *See In re Watkins*, 240 B.R. 735, 739 (Bankr.C.D.Ill. 1999). Bankruptcy courts have substantial discretion in deciding what constitutes "cause" for reconsidering a claim pursuant to section 502(j). *See In the Matter of Colley*, 814 F.2d at 1010; *In re Gomez*, 250 B.R. 397, 401 (Bankr.M.D.Fla.1999); *In re Watkins*, 240 B.R. at 739; *Fid. Fin. Servs. Inc. v. Montgomery County Dep't of Human Res. (In re Davis)*, 237 B.R. 177, 181–82 (M.D.Ala.1999). However, the "for cause" standard "is not standardless." *In re Davis*, 237 B.R. at 182. Courts, including the Fifth Circuit, have likened the "cause" standard found in section 502(j) with the substantive requirements of Bankruptcy Rule 9024 and Rule 60(b) of the Federal Rules of Civil Procedure. *See In the Matter of Colley*, 814 F.2d at 1010–1011; *Amtech Lighting Servs. Co. v. Payless Cashways (In re Payless Cashways)*, 230 B.R. 120, 137 (8th Cir. BAP 1999); *In re Watkins*, 240 B.R. at 739 ("Neither the Bankruptcy Code nor the Bankruptcy Rules define "cause" for reconsideration of a claim. However, courts generally agree that Bankruptcy Rule 9024, which incorporates Fed.R.Civ.P. 60, sets forth the standards for reconsideration of claims and helps define "cause" under § 502(j)"); *In re Southwest Florida Telecomm.*, 234 B.R. 137, 142 (Bankr.M.D.Fla.1998). "In essence, then, Rule 60(b) helps to define the term "cause" in section 502(j) and provides the applicable criteria for reconsidering claims." *In re Payless Cashways*, 230 B.R. at 137.

The substantive requirements of Rule 60(b) provide the following "causes": "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud ... misrepresentation, or other misconduct of an adverse party ... (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b); Fed.R.Bankr.P. 9024.

The Coffmans do not seek their modification based on mistake, excusable neglect, newly discovered evidence, fraud, or on any ground enumerated in parts 1 through 4 of Rule 60(b). Rather, the Coffmans seek relief based on mostly equitable grounds. Their basis for modifying ACFCU's claim, therefore, falls into parts 5 and 6 of Rule 60(b). Such relief, however, is considered extraordinary, and "is only to be invoked upon a showing of exceptional circumstances." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir.1993). Likewise, Rule 60(b) relief is seldom available when the moving party has other legal options available to it. *See Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir.1982).

No evidence was presented here that continued application of the confirmed plan is inequitable or that "exceptional" or extraordinary circumstances exist justifying a change in the very nature of ACFCU's claim. In this case, the Coffmans seek a reclassification of ACFCU's claim largely because it is no longer convenient for the Coffmans to keep the car. This does not warrant Rule 60(b) relief. *See, generally, Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). As the Coffmans fail to meet the "cause" standard of section 502(j), it is not necessary to address whether the equities of the case mandate a reclassification of ACFCU's claim (assum-

ing that this is a permissible operation of section 502(j)). *See Nat'l Bank of Tex. v. West Tex. Wholesale Supply (In the Matter of Colley)*, 814 F.2d 1008, 1010 (5th Cir.1987). Regardless, as stated above, the court is of the opinion that the proposed modification is unfair, thereby tilting the "equities" in ACFCU's favor.

*Conclusion*

Upon the foregoing authorities, the Coffmans' plan modification is denied. The court will prepare an order.