In re Tina and Kenneth
HOPSON, Debtors.

William D. Weber, Appellant,

v.

William Heitkamp, Trustee, Appellee.

No. CIV.A. H–04–2135.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 18, 2005.

Kenneth Paul Thomas, Attorney at Law, Houston, TX, for Trustee William E Heitkamp, Appellee.

William David Weber, Weber Law Firm, Houston, TX, for William D. Weber, Appellant.

### MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pursuant to 28 U.S.C. § 158, Appellant William D. Weber, former bankruptcy counsel for Debtors Tina and Kenneth Hopson (hereafter referred to as Debtors), appeals the April 30, 2004 Order of the United States Bankruptcy Court for the Southern District of Texas denying his Motion to Modify the Confirmed Chapter 13 Plan. After having carefully reviewed the record and the applicable law, the Court concludes that the Bankruptcy Court's April 30, 2004, Order should be REVERSED and VACATED and the case REMANDED for further proceedings.

### I. Procedural History

On June 1, 2001, Debtors filed a Chapter 13 bankruptcy petition in this court. Appellant served as counsel for Debtors from the date of the filing of the Chapter 13 petition, through January 16, 2004, when counsel was allowed to withdraw.

On February 27, 2002, Debtors' Chapter 13 Plan was confirmed by the Bankruptcy Court. Thereafter, Appellant's first and second application for fees, neither of which was opposed, were granted on September 11, 2002, and May 18, 2003, respectively. On January 17, 2004, after Appellant was allowed to withdraw as counsel for Debtors, Appellant filed his third application for fees and a Motion to Modify the Confirmed Chapter 13 Plan to provide for the payment of such fees.[1] Both Debtors and the Chapter 13 Trustee (William Heitkamp) opposed the motion. On March 22, 2004, the Bankruptcy Court granted Appellant's fee request, and in connection therewith, signed an order allowing the attorney's fees made the basis of Appellant's third request for fees as an administrative expense under § 503(b). (Document No. 85 in 01–36076–H4–13). The Bankruptcy Court, however, denied Appellant's motion to modify the plan. In a written order entered on April 30, 2004, the Bankruptcy Court wrote:

> .... The Court has already entered a separate "Order Approving Attorney's Compensation" (Document: 85) which approved the attorney's fees requested in the Fee Application. The Court has considered Movant's request to modify Debtors' Chapter 13 Plan to pay the attorney's fees. The Court finds that at the time the Fee Application was filed, and on the hearing date (3/22/2004), Debtors had not agreed to the plan modification requested by Movant. The Court further finds and concludes that Movant, as the holder of an allowed priority administrative claim pursuant to BC § 503(b) and 507(a)(1), is not the holder of an "allowed unsecured claim" as contemplated by BC § 1329(a), and therefore, as a matter of law, lacks

---

1. Appellant sought additional attorneys' fees in the amount of $1,037.50, and a modification of the Chapter 13 Plan increasing the number of payments by the Debtors to Appellant from 44 to 46.

standing to seek a plan modification. Accordingly, it is

ORDERED that Movant's request to modify Debtor's Chapter 13 Plan is hereby in all things DENIED.

(Document No. 88 in 01–36076–H4–13).

## II. Issues

In this appeal, Appellant sets forth the two issues to be resolved as follows:

1. Does the holder of an allowed priority administrative claim pursuant to BC § 503(b) and § 507(a)(1) have standing to seek a plan modification under BC § 1329(a)?

2. Is the holder of an allowed priority administrative claim pursuant to BC § 503(b) and § 507(a)(1) the holder of an "allowed unsecured claim" as contemplated by BC § 1329(a)?

## III. Standard of Review

Bankruptcy Rule 8013 sets forth the standard of review of orders and judgments issued by the bankruptcy courts. Rule 8013 provides:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Moreover, a district court reviews a bankruptcy court's legal conclusions *de novo*. *Matter of Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir.1995). A finding of fact premised on an improper legal standard or on a proper legal standard improperly applied "loses the insulation of the clearly erroneous rule." *Matter of Missionary Baptist Foundation of America*, 818 F.2d

1135, 1142 (5th Cir.1987) (citations omitted).

## IV. Discussion

The Bankruptcy Court's decision that Appellant did not have standing under 11 U.S.C. § 1329(a) to seek a modification of the Chapter 13 Plan was not based on a resolution of any factual disputes; therefore, the decision constitutes a pure conclusion of law, which is subject to *de novo* review in this appeal.

Confirmed Chapter 13 Plans may be modified upon motion as follows:

a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to-

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

At issue here is whether Appellant had standing under § 1329(a) as the holder of an "allowed unsecured claim" to seek modification of the Plan.

Both sides agree that the Bankruptcy Code does not define who is a holder of an "allowed unsecured claim." Neither does the case law provide guidance as to who is a holder of an "allowed unsecured claim" within the meaning of § 1329(a). Appellant argues that the term "allowed unsecured claim" should be viewed expansively, to include all allowed claims that are not "secured by a lien on property in which the

estate has an interest." 11 U.S.C. § 506(a) ("Determination of secured status"). So viewed, Appellant maintains that he, pursuant to the Bankruptcy Court's March 22, 2004 Order, which approved his motion for additional attorney's fees, is a holder of an "allowed unsecured claim" within the meaning of § 1329(a). In contrast, the Trustee argues that § 1329(a) should be viewed more narrowly, to include only *general* unsecured claims, not priority administrative expense claims, which are treated differently elsewhere in the Bankruptcy Code. Because Appellant's claim is undisputably an administrative expense claim, not a *general* unsecured claim, the Trustee maintains herein as he did in the Bankruptcy Court that § 1329(a) was not designed to, and therefore does not, confer standing upon Appellant to seek modification of the Chapter 13 Plan.

Although the Bankruptcy Code does not define the phrase "allowed unsecured claim," it does define the term "claim" and does provide guidance as to the meaning of the terms "secured" and "unsecured". A "claim" is the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured" or the "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5). With respect to the meaning of the terms "secured" and "unsecured," as used throughout the Bankruptcy Code, 11 U.S.C. § 506(a) provides as follows:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. . . .

Here, Appellant's entitlement to attorney's fees as an administrative expense under § 503 of the Bankruptcy Code makes Appellant the holder of a "claim". 11 U.S.C. § 101(5); *see also In re Jastrem*, 253 F.3d 438, 442 (9th Cir.2001); *In re Reed*, 312 B.R. 832, 838 n. 8 (N.D.Tex. 2004) (noting that administrative expenses are "surely" claims). Similarly, because Appellant's claim is not secured by a lien [2] on property of the estate, it is an "unsecured" claim. 11 U.S.C. § 506(a). Neither side has any general disagreement with either of these propositions. Instead, as set forth above, the Trustee maintains that only holders of *general* unsecured claims, as opposed to holders of priority administrative expense claims, fall within the category of persons with standing to seek modification of a Chapter 13 plan under § 1329(a). The Trustee relies on the Bankruptcy Code's different treatment of priority claims and general unsecured claims, as well as the legislative history surrounding § 1329 to support his argument.

Because the phrase "allowed unsecured claim" in § 1329(a) is not defined in the Bankruptcy Code, and because it has not otherwise been defined in the case law, the rules of statutory construction must be employed to determine whether Appel-

---

2. A "lien" is defined in the Bankruptcy Code as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37).

lant's claim constitutes an "allowed unsecured claim" for purposes of § 1329(a).

■■■ "[I]n all cases involving statutory construction, 'our starting point must be the language employed by Congress' and we assume 'that the legislative purpose is expressed by the ordinary meaning of the words used.'" *American Tobacco Co. v. Patterson*, 456 U.S. 63, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982) (citations omitted); *see also Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994) ("In the absence of [ ] a definition, we construe a statutory term in accordance with its ordinary or natural meaning."); *Smith v. United States*, 508 U.S. 223, 113 S.Ct. 2050, 2054, 124 L.Ed.2d 138 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."). Courts are to " 'presume that a legislature says in a statute what it means and means in a statute what it says.'" *Matter of Pro–Snax Distributors, Inc., Andrews & Kurth, L.L.P. v. Family Snacks*, 157 F.3d 414, 425 (5th Cir.1998) (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)). Only when an undefined term in a statute, applying its plain meaning, would the render the term "opaque," "translucent," or ambiguous, should the court "attempt to divine con-

gressional intent by applying prescribed canons of statutory interpretation (including, without limitation, a resort to the rule of lenity and legislative history)." *United States v. Barlow*, 41 F.3d 935, 942 (5th Cir.1994), *cert. denied*, 514 U.S. 1030, 115 S.Ct. 1389, 131 L.Ed.2d 241 (1995); *see also Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 510 (5th Cir.2004) ("Only after application of the principles of statutory construction, including the canons of construction, and after a conclusion that the statute is ambiguous may the court turn to the legislative history."). For statutory language to be considered ambiguous, "it must be 'susceptible to more than one reasonable interpretation' or 'more than one accepted meaning.'" *Carrieri*, 393 F.3d at 510 (quoting *United States v. Kay*, 359 F.3d 738, 743 (5th Cir.2004)). Here, given the Bankruptcy Code's definition of a "claim" and the guidance provided with respect to the meaning of the terms "secured" and "unsecured," the phrase "holder of an allowed unsecured claim" in § 1329(a) is susceptible to one reasonable interpretation, that is, that any person whose claim has been allowed, and whose claim is not secured by a lien on property of the estate, has standing under § 1329(a) to seek modification of the chapter 13 plan.[3] Appellant's claim for additional at-

---

**3.** Two leading Bankruptcy Treatises, COLLIER ON BANKRUPTCY, and BANKRUPTCY SERVICE, LAWYERS EDITION, make no mention in their discussion of § 1329(a) of any distinction to be drawn between holders of priority administrative expense claims and general unsecured claims. COLLIER ON BANKRUPTCY discusses § 1329(a)'s standing requirement as follows:

> To complement the amendment adding section 1325(b), the Bankruptcy Amendments and Federal Judgeship Act of 1984 also amended section 1329(a) of the Code to provide that a modification of the plan could be sought not only by the debtor, but also by the trustee or the holder of an unsecured claim. This amendment is in-

tended to carry the ability-to-pay standard forward to any modifications of the plan, allowing upward or downward adjustment of plan payments in response to changes in the debtor's circumstances that substantially affect the ability to make future payments. Consequently, a secured creditor has no right to move for modification of a plan.

8 COLLIER ON BANKRUPTCY § 1329.03 (2004). Similarly, the BANKRUPTCY SERVICE, LAWYERS EDITION mentions only the exclusion of secured creditors from those with standing to seek plan modification:

> Pursuant to § 1329(a), modification may be requested by the debtor, the trustee, or the

torney's fees, which was allowed by the Bankruptcy Court on March 22, 2004, and which is not secured by a lien on any property of the estate, is an allowed unsecured claim.

Although the Trustee makes much of the fact that priority administrative claims of the type held by Appellant are generally dealt with differently than general unsecured claims, particularly with respect to priority of payment, *see* 11 U.S.C. § 507, § 1329(a) does not make such a distinction. Similarly, while the Trustee argues that legislative history supports his position that Appellant, as the holder of a priority administrative claim should not be construed a holder of an "allowed unsecured claim" within the meaning of § 1329(a), the Trustee fails to cite any legislative history that clearly so states. The only legislative history referenced by the Trustee in his Brief is "The Oversight Hearings on Personal Bankruptcy Before the Subcommittee on Monopolies and Commercial Law of the House Committee on [the] Judiciary." The Trustee, however, has not pointed to any specific aspect of the generally referenced "Oversight Hearings" and has not identified any aspect of the "Oversight Hearings" where mention was made of any intended distinction between holders of priority administrative claims and holders of general unsecured claims under § 1329(a). Moreover, given the unambiguous statutory language at issue, resort to legislative history is not appropriate. *Pro–Snax,* 157 F.3d at 425 ("even where one party's argument finds 'express support' in the legislative history to a statute, where that legislative history is 'clearly contrary to the statutory language,' it is 'unpersuasive.'") (citations omitted).

Because neither the individual terms in the phrase "allowed unsecured claim," nor the phrase itself is ambiguous, and because there is no clear legislative history that would override the plain meaning of the phrase "allowed unsecured claim," the Bankruptcy Court erred in determining that Appellant was not a holder of an allowed unsecured claim within the meaning of § 1329. Because Appellant had standing to seek modification of the plan, the Bankruptcy Court's Order of April 30, 2004, must be reversed and vacated.[4]

## V. Order

For the foregoing reasons, it is

ORDERED that the April 30, 2004, Order of the Bankruptcy Court denying Appellant's Motion to Modify Confirmed Chapter 13 Plan is REVERSED and VACATED, and Appellant's Motion to Modify Confirmed Chapter 13 Plan is REMANDED to the Bankruptcy Court for further proceedings consistent with this Order.

---

holder of an allowed unsecured claim. Secured creditors may not seek modification under this provision.
5A Bankruptcy Service, Lawyers Edition § 50:534 (2002).

4. The issue of standing to seek modification of a Chapter 13 plan is generally separate from the inquiry of whether the requirements for modification of a Chapter 13 plan have been met. Two of the cases relied upon by the Trustee, *Barbosa v. Soloman,* 235 F.3d 31 (1st Cir.2000) and *In re Coffman,* 271 B.R. 492 (Bankr.N.D.Tex.2002), generally address the requirements for plan modification, not standing to seek such modification.