### In re Terrie L. WILCOX, Debtor.

### No. 01–15179–TS.

United States Bankruptcy Court,
W.D. Oklahoma.

June 13, 2003.

Pat Brown, Bethany, OK, for Arcadia Financial Ltd.

Kenneth C. McCoy, Oklahoma City, OK, for Debtor.

### ORDER ON DEBTOR'S MOTION TO MODIFY

NILES L. JACKSON, Bankruptcy Judge.

#### Background Facts

Debtor filed her Chapter 13 Petition and Plan on May 21, 2001. The Court confirmed her Plan on August 27, 2001. Included among property retained was Debtor's 1996 Chrysler Van (hereinafter the "Vehicle"), for which she had obtained financing from Arcadia Financial Ltd. (hereinafter "Arcadia") in return for the granting of a purchase-money security interest. As confirmed, and pursuant to the agreement of the parties, the Plan valued the Vehicle at $11,000, thus effecting a cramdown of Arcadia's claim in the amount of $1,786. As an accommodation to Debtor, Arcadia agreed the claim could be paid at 15% interest rather than the contract interest rate of 19.95%.

By December 2001 Debtor was unable to make her home mortgage payments outside the plan, as originally contemplated, and moved to modify her Plan. On February 27, 2002, the Court approved the modification of Debtor's Plan that provided for payment of Debtor's home mortgage inside the plan and the curing of the post-petition arrearage.

In September 2001 Debtor again sought to modify her plan, this time to surrender the Vehicle in full satisfaction of Arcadia's

claim. After numerous continuances, the Court conducted a hearing on this motion. At the conclusion of the hearing, the Court took the matter under advisement and requested that the parties submit post-hearing briefs setting forth the authority for their respective positions. The Court has considered the record, the arguments of the parties, and the applicable law, and rules as follows.

### Issue Presented

The issue before the Court is whether a debtor may modify a confirmed Chapter 13 plan to provide that certain collateral will be surrendered in full satisfaction of that creditor's claim as valued in the confirmed plan.

### Applicable Law and Discussion

Both parties agree that Debtor could have surrendered the Vehicle in full satisfaction of the claim had she done so in the original plan under authority of § 1325(a)(5)(c). So what permits-or prohibits-her from accomplishing the identical result in a modification? There is a decisive split among the courts on this issue. The cases cited by the parties well represent the opposing viewpoints.

### Debtor's Position

Debtor relies primarily on *In re Hernandez*, 282 B.R. 200 (Bankr.S.D.Tex. 2002). In *Hernandez*, the debtors' chapter 13 plan recognized that Household Auto Finance had a total claim in the amount of $19,232.62, secured by a vehicle. The debtors' chapter 13 plan, as originally confirmed, provided for the debtors to retain the vehicle, to pay $13,825 of the total amount of the claim as a secured claim and for the balance to be paid *pro rata* with other unsecured creditors.

After confirmation, the debtors modified their plan once to increase payments due to the mortgage lender's filing of a proof of claim which exceeded the amount provided for by the plan. Thereafter, due to increased medical expenses, the debtors sought a second modification to surrender their vehicle to Household in full satisfaction of Household's claim. Household objected to such modification on legal grounds, but did not allege that the current value of the vehicle was less than the amount of the secured claim debtors had proposed to pay in their original confirmed plan.

The *Hernandez* court brought logic into the argument: could not the debtors simply dismiss or allow the case to be dismissed, promptly refile, and then surrender the vehicle in full satisfaction of the claim? The court concluded they could, absent a finding of "cause" within the meaning of § 349(a) that would prohibit refiling. The *Hernandez* court noted the split in authority, referenced the treatises that address this issue, then determined it was persuaded to adopt Judge Lundin's position that a debtor may surrender a vehicle in satisfaction of a secured claim. KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, § 264.1 (3d ed.2000).

### Creditor's Position

Creditor asserts that Debtor is asking for, in effect, a *double* cram down, and relies on *In re Nolan*, 232 F.3d 528 (6th Cir.2000), for the proposition that such modification cannot be accomplished. In *Nolan*, the Sixth Circuit Court of Appeals recognized that the position espoused by Debtor herein "has been accepted by a sizeable minority of the district courts ...." *Id.* at 531 (footnote omitted). The Court then thoroughly analyzed the competing positions and concluded that:

> a debtor cannot modify a plan under section 1329(a) by: 1) surrendering the collateral to a creditor; 2) having the

creditor sell the collateral and apply the proceeds toward the claim; and 3) having any deficiency classified as an unsecured claim. Section 1329(a) only permits modification of the *amount* and *timing* of *payments*, not the total *amount* of the *claim*. This principle holds true as to the portion of a claim that is secured, where the claim is partially instead of fully secured.

*Id.* at 535 (emphasis in original) (citation omitted) (footnote omitted).

### Discussion

A good argument can be made—as it was in *Hernandez*—that the debtor's ability to surrender secured property in full satisfaction of the debt at the time of confirmation as authorized in § 1325(a)(5)(C), if done in good faith, is also made applicable to subsequent modifications of the plan under § 1329(b)(1), which provides that: "[s]ections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section."

In reviewing § 1329, which provides for modification of a plan after confirmation, the Court notes that subsection (a)(1) allows for modification of the "amount of payments on claims" and subsection (a)(3) allows the modified plan to "alter the amount of the distribution to a creditor . . . to take account of any payment of such claim other than under the plan." However, the specific language of § 1329(b) incorporates three full sections (§§ 1322(a), 1322(b), and 1323(c)), but only the "requirements" of § 1325(a). It can certainly be interpreted that surrender of property pursuant to § 1325(a)(5)(C) is *not* a requirement, but only an option of the debtor. To make surrender a requirement does not make logical sense.

Accordingly, logic—however convincing—does not trump the letter of the law. This Court finds more *legally* convincing the reasoning of the Sixth Circuit Court of Appeals in *Nolan*. 232 F.3d at 534—35.

### Decision

Based upon the foregoing, this Court adopts the reasoning of the *Nolan* Court. Therefore, Debtor's Motion to Modify is denied.